**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Robin Bruce PATTERSON, Defendant and Appellant.**

Cr. No. 1020.

Supreme Court of North Dakota.

Oct. 23, 1984.

A. Fred Arnason, Asst. State's Atty., Grand Forks, for plaintiff and appellee.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for defendant and appellant; argued by Richard A. Ohlsen, Grand Forks.

SAND, Justice.

Robin Bruce Patterson appealed from a criminal judgment of driving a motor vehicle in violation of his temporary restricted license and North Dakota Century Code § 39–06–17(5).

Patterson had a history of moving traffic violations, including driving under the influence of intoxicating liquor (DUI) convictions in 1982 and 1983, which resulted in the suspension of his driving license by the State Highway Commissioner. See NDCC § 39–06.1–10(3). Because Patterson had been twice convicted of DUI he was not eligible to receive a temporary restricted license pursuant to NDCC § 39–06.1–11(2). Nevertheless, Patterson applied to the

State Highway Commissioner for a temporary restricted license and his application was granted.[1] The temporary restricted license granted to Patterson by the State Highway Commissioner permitted him to drive between the hours of 7:00 a.m. and 6:00 p.m., Monday through Saturday.

On 14 November 1983, at 10:00 p.m., Patterson was arrested and charged with driving under the influence and for driving in violation of the conditions of his temporary restricted license. At the subsequent trial the court dismissed the charge of driving under the influence but found Patterson guilty of violating the terms of his temporary restricted license by driving at an unauthorized time. Patterson was sentenced to 15 days in jail, fined $100.00 and ordered to pay costs of $50.00.[2]

At the time of his sentencing and on appeal Patterson asserted that because he had a previous conviction within a time period specified in NDCC 39–08–01 the State Highway Commissioner was without statutory authority to issue him a temporary restricted license and, therefore, he cannot be convicted of violating the conditions imposed by the unauthorized temporary restricted license.

The granting of restricted licenses is governed by NDCC § 39–06.1–11(2) which provides in part:

"... The licensing authority may not issue a temporary restricted license to any offender whose operator's license is under suspension upon a second or subsequent offense within the time limitations under section 39–08–01 ...."

The time limitations for second and third offenses are five years, NDCC § 39–08–01(5)(b), and seven years, NDCC § 39–08–01(5)(d).

The record contains no explanation why the State Highway Commissioner issued the temporary restricted license to Patterson.

Patterson primarily contended that because the temporary license was issued contrary to law it was null and void and, therefore, his conviction of driving in violation of the conditions of the temporary license was also void. However, he fails to illustrate how this error resulted in his driving a motor vehicle at 10:00 p.m., whereas the temporary restricted license only permitted Patterson to drive between the hours of 7:00 a.m. and 6:00 p.m., Monday through Saturday. This is not a situation where Patterson was led into an erroneous assumption that he was driving the motor vehicle with proper authority. Patterson's contention is factitious and has no legal merit.

Assuming, arguendo, that the restricted driving permit was invalid, then Patterson had no authority to drive the vehicle at any time. He then would be guilty of driving without a permit or driving while his license was suspended.[3]

---

1. Patterson applied for a temporary restricted license on a form furnished by the State Highway Commissioner which stated on the top of the application form:

    "According to Section 39–06.1–11 of the North Dakota Century Code, temporary restricted licenses can *only* be issued for 'Point Suspensions,' 'Driving Under Suspension/Revocation,' and 'Refused the Alcohol Test Revocations.' Apply only if you are *eligible*." [Emphasis in original.]

2. NDCC § 39–06–17(5) states that if a temporary restricted license was issued under § 39–06.1–11, and the underlying suspension was imposed for violation of § 39–08–01, punishment for violating the conditions of the temporary restricted license is provided by subsection 2 of § 39–06–42. The penalty provisions of § 39–06–42(2) require a mandatory sentence of at least 15

days' imprisonment and cannot be suspended under Ch. 12–53. However, Grand Forks County Judge Kosanda held that the mandatory 15-days' imprisonment requirement of § 39–06–42(2) did not apply because Patterson should not have been issued a temporary license under § 39–06.1–11.

3. This raises the question: Is Patterson indirectly asking this Court to remand the case so that he can be charged with driving a motor vehicle while his license was suspended which would permit the imposition of greater sanctions? This also presents an interesting scenario: What if Patterson was driving between the hours of 7:00 a.m. and 6:00 p.m. and was charged with driving while his license was suspended, would he and could he legally claim he had a temporary permit?

The restricted driver's license was not issued sua sponte by the issuing authority, but was the result of an application submitted by Patterson on a Highway Department form which contained, among other things, the admonition "Apply only if you are eligible." [See footnote 1] Furthermore, Patterson not only applied for but received and accepted and used the temporary restricted license. He legally cannot now claim that because the temporary restricted license was improperly issued he cannot be charged with violating its conditions.

Patterson submitted some legal authority regarding the invalidity of actions or decisions of administrative agencies acting beyond their scope of authority, but he did not submit any legal authority in support of his position that because the permit was invalid, *ergo* he is not guilty, nor have we found any authority supporting his position on this point. We doubt there is any authority supporting this position.

Even though this is a criminal proceeding we nevertheless believe the basic concepts expressed in the maxims of jurisprudence found in North Dakota Century Code § 31-11-05, as follows, have application.

"6. He who consents to an act is not wronged by it." In this instance Patterson applied for and consented to the issuance of the temporary driving permit.

"7. Acquiescence in error takes away the right of objecting to it." Here Patterson applied for, accepted and used the permit.

"8. No one can take advantage of his own wrong." Patterson applied for the permit even though he was not eligible.

"12. He who takes the benefit must bear the burden." Patterson used the permit.

Under these concepts and facts of this case Patterson may not collaterally attack the issuance of the temporary driving permit and is in an untenable position. His contentions and arguments are not persuasive nor do they have any support in law. Accordingly, they are rejected.

The sentence of the court is not separately or independently as an issue before us on appeal and we express no comment thereon.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.