■ ARLENE WILLIAMS, Respondent, v ILA YASSKY, Appellant, et al., Defendants. [604 NYS2d 568] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered October 13, 1992, which upheld service upon defendant-appellant pursuant to CPLR 308 (2), unanimously affirmed, without costs. The appeal from the order of said court, entered February 11, 1993, which granted plaintiff leave to serve appellant pursuant to CPLR 308 (5) so as to preserve the timeliness of

the action in the event the first order was reversed on appeal, unanimously dismissed as academic, without costs.

Defendant's failure to notify the Department of Motor Vehicles of the change in her address as required by Vehicle and Traffic Law § 505 (5), estops her from contesting the service of process that was made at the address contained in her license exhibited at the scene of the accident *(Harrington v Dickinson,* 159 AD2d 876, *lv dismissed* 76 NY2d 935). We therefore agree with the first order of the IAS Court, notwithstanding the contrary conclusion of the Special Referee, that jurisdiction over defendant was obtained by the personal service that was made at such address pursuant to CPLR 308 (2). We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.