**Deborah D. KRAFT, Plaintiff and Appellant,**

v.

**Marshall MOORE, Director, North Dakota Department of Transportation, Defendant and Appellee.**

**Civ. No. 930375.**

Supreme Court of North Dakota.

June 15, 1994.

**644**

Ralph A. Vinje, of Vinje Law Firm, Bismarck, for plaintiff and appellant.

Carmen G. Miller, Asst. Atty. Gen., Atty. General's Office, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

Deborah D. Kraft appealed from a judgment affirming the Department of Transportation's decision to revoke her driving privileges for one year. We affirm.

In the pre-dawn hours of July 27, 1993, a Burleigh County deputy sheriff saw a van traveling some distance ahead of him strike a deer and pull off onto the shoulder of the road. The deputy eventually stopped behind the van and saw Kraft, a Utah resident, standing by the open driver's door. Kraft told the deputy that she was driving the van. The deputy also saw an open beer can in the center of the van closest to the passenger side and a man, later identified as Kraft's brother, Delton Martin, standing by the passenger door. Martin told the deputy that the open beer can belonged to him. Another passenger was in the back of the van.

Because he smelled alcohol on Kraft and saw her stumble and sway while walking, the deputy had Kraft perform a series of field sobriety tests, which she failed. The deputy arrested Kraft for driving under the influence of alcohol. After being given the implied consent warning, Kraft agreed to submit to a blood test. Upon learning of Kraft's arrest, Martin told the deputy several times at the scene that he, rather than Kraft, had been driving the van.

The deputy took Kraft to a Bismarck hospital for a blood test, but, contrary to her agreement to take the test at the time of the arrest, Kraft refused to take the test. Kraft was given a request and notice form explaining that the Department intended to revoke her driving privileges and informing her of the right to an administrative hearing.

At the administrative hearing, the deputy testified that Kraft told him that she had been driving and that she had refused the blood test. Kraft and several other persons testified that she had not been driving the van that morning. Martin testified that he had been driving the van and that, after hitting the deer and seeing the deputy's patrol car, he informed the passengers in the van that he was "in trouble" because he had no valid driver's license. According to Martin, "[t]he next thing I knew ... [Kraft] was running back towards ... the sheriff's car saying she was driving." Martin also testified that on several occasions at the scene he informed the deputy that he had been driving the van. Kraft did not deny that she told the deputy she had been driving the van.

The hearing officer found that, under the circumstances, the deputy had, "at that moment in time," reasonable grounds to believe Kraft had been driving the van. The Department revoked Kraft's driving privileges for one year. The district court affirmed the Department's decision, and Kraft appealed to this court.

Kraft asserts that the Department lacked jurisdiction to revoke her license. She claims that only a person who actually operates a vehicle in this state can have her license revoked for refusing to take a test because the implied consent law, § 39–20–01, N.D.C.C., implies consent to a test only of a "person who *operates* a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state...." [Emphasis added]. According to Kraft, the Department did not obtain jurisdiction to revoke her license for failing to consent to a blood-alcohol test because the evidence at the hearing showed that she was not actually driving that morning and because the hearing officer did not specifically find that she had been driving.

The Department responds that § 39–20–01, N.D.C.C., is not a jurisdictional prerequisite. According to the Department, the hearing officer was limited to determining only the issues specified in § 39–20–05(3), N.D.C.C.,[1] including whether the deputy had *reasonable grounds to believe* that Kraft had been driving in violation of § 39–08–01, N.D.C.C. The Department asserts that the preponderance of the evidence presented at the hearing established that the deputy had reasonable grounds to believe Kraft was driving based on her statements to him and the other circumstances at the time of the incident.

■ In this case, it is unnecessary to resolve whether the Department must determine, in addition to the issues set forth in § 39–20–05(3), N.D.C.C., whether the person actually operated the vehicle in order to validly revoke that person's license for refusing to take a blood-alcohol test. Compare, for example, *People v. Frye*, 113 Ill.App.3d 853, 69 Ill.Dec. 630, 447 N.E.2d 1065 (1983) [proof of actual driving required], with *State v. Wright*, 107 N.J. 488, 527 A.2d 379 (1987) [proof of actual driving not required]. We conclude that Kraft, by telling the deputy she

was driving and thereby providing the deputy with the initial facts upon which the deputy and Department relied in seeking the license revocation, is estopped from challenging those facts at the administrative hearing for purpose of attacking the Department's jurisdiction to proceed in this case.

■ Subject matter jurisdiction refers to a tribunal's power to hear and determine the general subject involved in the action; personal jurisdiction refers to the power of the tribunal over a party. *See, e.g., Larson v. Dunn*, 474 N.W.2d 34 (N.D.1991); *Schwind v. Director, Dept. of Transp.*, 462 N.W.2d 147 (N.D.1990) [public administrative body has such adjudicatory jurisdiction as is conferred by statute]. Assuming for purposes of argument that this case presents a jurisdictional question, we believe it presents an issue more comparable to acquisition of personal jurisdiction than to subject matter jurisdiction because it relates to the factual determination of Kraft's presence, *i.e.*, driving, within this state. A person may be estopped by her conduct at the scene of an incident giving rise to a legal action from contesting personal jurisdiction. *See, e.g., Williams v. Yassky*, 199 A.D.2d 18, 604 N.Y.S.2d 568 (1993) [where defendant failed to notify department of motor vehicles of change of address as required by law, she was estopped from contesting service of process made at address contained in her license exhibited at scene of accident]; *Harrington v. Dickinson*, 159 A.D.2d 876, 553 N.Y.S.2d 219 (1990) [same].

This case calls for application of the maxim that a person may not take advantage of her own wrong. Section 31–11–05(8), N.D.C.C. Kraft does not dispute that she informed the deputy at the scene that she had been driving the van. She did not inform the deputy that she was not driving and did not deny her initial admission of driving the van until the administrative proceedings. To accept her claim that the Department lacks jurisdiction to revoke her license because she gave

---

1. Section 39–20–05(3), N.D.C.C., provides in pertinent part:

   "The scope of a hearing for refusing to submit to a test under section 39–20–01 may cover only the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance; whether the person was placed under arrest; and whether that person refused to submit to the test or tests."

false information to the deputy at the time of the incident would allow her to profit from her own wrongdoing. *See State v. Patterson,* 355 N.W.2d 810 (N.D.1984) [person charged with violating restricted license he applied for could not argue that the highway commissioner had no authority to issue him the restrictive license and that he was therefore invalidly convicted of violating conditions imposed by the restricted license]; *Shackelford v. Social Service Bd. of N.D.,* 299 N.W.2d 549 (N.D.1980) [where AFDC recipient gave misleading testimony at initial hearing, recipient could not argue that even though social service board's determination that she had not been properly notified was based on those misleading statements, she should be paid benefits because the board failed to correct its erroneous decision within required 90 days]. We conclude that Kraft is estopped from contesting the Department's ability to revoke her license under these circumstances.

Kraft, standing by the driver's door, told the deputy she was driving the van. Martin was standing by the passenger door and claimed possession of the beer can located nearest to the passenger door. Although Martin later tried to convince the deputy that he was the driver, Kraft did not retract her initial admission to the deputy at any time during the incident. We conclude that the Department's finding that the deputy had reasonable grounds to believe Kraft was driving in violation of the law is supported by a preponderance of the evidence. *See Sabinash v. Director of Dept. of Transp.,* 509 N.W.2d 61 (N.D.1993); § 28–32–19, N.D.C.C.

We have considered the other contentions made on appeal and they do not affect our decision.

The district court judgment is affirmed.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.