STATE of North Dakota, Plaintiff
and Appellee,

v.

Dale William BARTH, Defendant
and Appellant.

Criminal No. 950301.

Supreme Court of North Dakota.

March 15, 1996.

Allen M. Koppy, State's Attorney, Mandan, for plaintiff and appellee. Submitted on brief.

Ralph A. Vinje, Bismarck, for defendant and appellant. Submitted on brief.

MESCHKE, Justice.

Dale W. Barth appeals from a jury conviction of driving with a blood-alcohol concentration of 0.10% or greater. We again conclude that a lengthy administrative suspension of a driver's license for repeated drunk driving is remedial, and not punishment that would bar later criminal prosecution. We affirm.

Barth was arrested on April 1, 1994, for violating NDCC 39-08-01 by driving under the influence of alcohol. Two weeks later, the North Dakota Department of Transportation (DOT) administratively suspended his driver's license for ninety-one days for that incident. *See* NDCC 39-20-04.1(1)(a). To resolve the corresponding criminal charge, Barth later pled guilty to reckless driving.

Barth was arrested on December 11, 1994, for again violating NDCC 39-08-01, and the DOT then administratively suspended his license for one year. *See* NDCC 39-20-04.1(1)(b). Barth moved to dismiss the pending criminal charge for this incident, arguing under the state and federal constitutions that double jeopardy barred consecutive punishments for the same conduct. The trial court denied dismissal, and a jury found Barth guilty. Barth appeals.

Although Barth concedes that "[g]enerally the legal precedent which [he] relies upon is no different than that previously set forth" in our recent decision in *State v. Zimmerman*, 539 N.W.2d 49 (N.D.1995), he argues that his criminal conviction violates the "state and federal prohibitions against double jeopardy" because the administrative suspension of his driver's license was "not remedial but rather punitive." Barth attempts to distinguish *Zimmerman* since the DOT suspended his license for one year, the designated administrative penalty for repeated drunk-driving violations, even though

he was only convicted of reckless driving after the April arrest. Barth asserts that this distinction makes "it even more clear that the administrative proceeding resulted in punishment rather than remedial action." We disagree.

If a valid test shows that a person drove with a blood-alcohol concentration of at least 0.10%, the DOT must suspend that person's license for one year if, within the preceding five years, "the person has once previously violated section 39–08–01 or equivalent ordinance *or the person's operator's license has once previously been suspended or revoked under this chapter.*" NDCC 39–20–04.1(1)(b) (emphasis added). Barth's license had "previously been suspended" on April 15, 1994, after the DOT determined that he drove with an excessive blood-alcohol concentration on April 1. This suspension was valid even though Barth was not also criminally convicted of violating NDCC 39–08–01. "[D]ismissal or acquittal of a related criminal charge is irrelevant to the administrative proceedings." *Zimmerman,* 539 N.W.2d at 52. Contrary to Barth's claim, he *was* subject to a longer administrative suspension for repeatedly endangering the public.

"Neither the minimum suspension nor the maximum suspension for a repeat offender, is 'overwhelmingly disproportionate' to [the] remedial, non-punitive goal of getting unsafe drivers off the public highways." *Id.* at 56 (citation omitted). Zimmerman's license had been suspended for the even longer period of two years for multiple violations. The repetition of hazardous driving justifies greater remedial measures for protection of the public. Barth's proposed distinction makes no legal difference.

We affirm Barth's conviction.

VANDE WALLE, C.J., and NEUMANN, J., and RALPH J. ERICKSTAD, Surrogate Judge.

RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of SANDSTROM, J., disqualified.

BERYL J. LEVINE, Surrogate Judge, dissenting.

The majority focuses on the administrative character of Barth's license suspension and

its validity under our laws to buttress its conclusion that the suspension was remedial, not punitive. *United States v. Halper,* 490 U.S. 435, 447–48, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989), however, teaches us that "[t]he notion of punishment ... cuts across the division between the civil and the criminal law" and that the label affixed to a proceeding or sanction is not controlling. Instead, courts must make a "particularized assessment" of the penalty imposed to determine whether it serves punitive or remedial ends. *Id.* Because I am persuaded that an administrative license suspension is punishment, I would hold that Barth's criminal prosecution here was double jeopardy.

I therefore dissent, in adherence with my dissent in *State v. Barnes,* 545 N.W.2d 152 (N.D.1996).