# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 192

Environmental Law & Policy Center
and Dakota Resource Council,                                    Appellants

      v.

North Dakota Public Service Commission
and Meridian Energy Group, Inc.,                               Appellees

## No. 20190220

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices Crothers and McEvers joined. Justice VandeWalle filed a dissenting opinion.

Scott Strand (argued), Minneapolis, Minnesota, Derrick L. Braaten (appeared) and JJ W. England (on brief), Bismarck, North Dakota, and Rachel Granneman (on brief), Chicago, Illinois, for appellants.

Jennifer L. Verleger (argued), Assistant Attorney General, and John M. Schuh (appeared), Special Assistant Attorney General, Bismarck, North Dakota, for appellee North Dakota Public Service Commission.

Lawrence Bender, Bismarck, North Dakota, for appellee Meridian Energy Group, Inc.

**Tufte, Justice.**

[¶1] Environmental Law and Policy Center and Dakota Resource Council ("Appellants") appealed from a district court judgment affirming the Public Service Commission's order dismissing Appellants' formal complaint on the basis of a lack of subject matter jurisdiction. We conclude the Commission did not err when it dismissed Appellants' complaint. We affirm the district court's judgment and the Commission's order of dismissal.

I

[¶2] This appeal arises out of Meridian Energy Group, Inc.'s construction of a new oil refinery ("Davis Refinery") in Billings County. In June 2018, Appellants filed a formal complaint with the Commission, alleging Meridian was required to obtain a certificate of site compatibility from the Commission under N.D.C.C. ch. 49-22.1, governing energy conversion and transmission facilities, alleging Meridian's planned facility would have a capacity of refining 50,000 or more barrels per day (bpd). The Appellants filed their complaint after the North Dakota Department of Health, now Department of Environmental Quality, granted Meridian a construction permit for a "55,000 bpd" oil refinery.

[¶3] The Appellants' complaint contained exhibits including Meridian's permit to construct the refinery, Meridian's application to the county for its conditional use permit with references to using the land for a 55,000 bpd refinery, and other exhibits purporting to contain Meridian's representations to the public and its investors that it was constructing a 55,000 bpd oil refinery. The complaint sought a declaration that Meridian's refinery was subject to N.D.C.C. ch. 49-22.1 and to the statutory siting process. The Commission determined the complaint stated a "prima facie case" under its pleading rule, N.D. Admin. Code § 69-02-02-02, and the Commission formally served the complaint on Meridian.

[¶4] In August 2018, Meridian made a motion to the Commission seeking to dismiss the complaint for lack of subject matter jurisdiction, contending that

dismissal was appropriate under N.D.R.Civ.P. 12(b)(1) and that the case should be disposed of by informal disposition under N.D.C.C. § 28-32-22. Meridian asserted it was constructing a refinery with a capacity of 49,500 bpd, falling outside the Commission's statutory jurisdictional threshold of 50,000 bpd. Meridian argued, as a result, the Commission did not have jurisdiction over this matter and the complaint must be dismissed.

[¶5] In support of its motion, Meridian included the affidavit of William Prentice, Meridian's chairman and chief executive officer. His affidavit states, in relevant part: "Meridian is finalizing engineering and design plans for a facility that is designed for and capable of refining no more than 49,500 barrels per day (bpd), which is to be constructed in a single phase[,]" and "Meridian has no current plans for any addition to or expansion of the Davis Refinery beyond the capacity of 49,500 bpd."

[¶6] The Commission submitted Meridian's motion to an administrative law judge ("ALJ"). In September 2018, the ALJ issued a recommended decision to grant the motion to dismiss. Appellants moved to reopen and supplement the record and to permit jurisdictional discovery. The ALJ issued a recommended decision to deny the Appellants' motion. In its October 10, 2018 order, the Commission adopted the ALJ's recommended decision granting Meridian's motion to dismiss the complaint. The Commission stated:

> The Commission clarifies that consistent with the policy of ensuring "minimal adverse effects on the environment and the welfare of the citizens," the Commission may, of its own volition, investigate and inquire into the actions of persons in pursuance of compliance. N.D.C.C. § 49-22.1-20(1), (5). The matter upon which the Complaint is filed has been the subject of Commission monitoring. If Meridian operates a facility above the statutory threshold without a siting permit, or if Meridian files for a site certificate and does not have an appropriate showing of a previous design limitation, the project and company may be subject to criminal or civil action.

The Commission also corrected one of the ALJ's findings to state: "When plans to increase the facility to 50,000 bpd or beyond are implemented, that plan subjects the entire facility to the review and approval process."

[¶7] Appellants appealed to the district court, which affirmed the Commission's order.

## II

[¶8] The Administrative Agencies Practice Act ("AAPA"), N.D.C.C. ch. 28-32, governs an appeal from a Commission decision. *Voigt v. N.D. Pub. Serv. Comm'n*, 2017 ND 76, ¶ 8, 892 N.W.2d 149. This Court, under N.D.C.C. § 28-32-49, reviews the Commission's order in the same manner as the district court under N.D.C.C. § 28-32-46. *Voigt*, at ¶ 8. "Although our review is limited to the record before the administrative agency, the district court's analysis is entitled to respect if its reasoning is sound." *Bridgeford v. Sorel*, 2019 ND 153, ¶ 5, 930 N.W.2d 136 (quotations omitted). We must affirm the Commission's order unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.

3

[¶9]   In reviewing its findings of fact, we do not substitute our judgment for that of the Commission, nor do we make independent findings. *Voigt*, 2017 ND 76, ¶ 9, 892 N.W.2d 149. We decide "only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Capital Elec. Coop. v. N.D. Public Serv. Comm'n*, 2016 ND 73, ¶ 6, 877 N.W.2d 304. The Commission's decision on questions of law is fully reviewable. *Id.* Statutory interpretation is a question of law subject to full review on appeal. *Harter v. N.D. Dep't of Transp.*, 2005 ND 70, ¶ 7, 694 N.W.2d 677.

## III

[¶10] Appellants argue the Commission's decision violated the fair hearing and other requirements of the AAPA when the Commission summarily dismissed the Appellants' complaint, which it had found stated a prima facie case, without allowing any opportunity for discovery; without conducting an evidentiary hearing; and without considering evidence other than Meridian's proffered affidavit that contradicted earlier statements.

## A

[¶11] The Commission's "authority to regulate" is limited to that authority provided to it by the legislature. *In re Application of Neb. Pub. Power Dist.*, 330 N.W.2d 143, 149 (N.D. 1983) (citation omitted). "The term 'jurisdiction' may be used to designate the authority of an administrative body to act and relates to the competence of that body to determine controversies of the general class to which the case presented for its consideration belongs." 2 Am. Jur. 2d *Administrative Law* § 272 (February 2020 Update) (footnotes omitted). In the administrative context, therefore, the term "jurisdiction" has three components:

> (1) personal jurisdiction, referring to the agency's authority over the parties and intervenors involved in the proceedings; (2) subject matter jurisdiction, referring to the agency's power to hear and determine the causes of a general class of cases to which a particular case belongs; and (3) the agency's scope of authority under statute.

4

*Id.* (*emphasis added*); *see also Bus. & Prof'l People for the Pub. Interest v. Ill. Commerce Comm'n*, 555 N.E.2d 693, 716 (Ill. 1989) (same); *Kraft v. Moore*, 517 N.W.2d 643, 645 (N.D. 1994) ("Subject matter jurisdiction refers to a tribunal's power to hear and determine the general subject involved in the action; personal jurisdiction refers to the power of the tribunal over a party."). *Cf. City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 297-98 (2013) ("[W]hether framed as an incorrect application of agency authority or an assertion of authority not conferred," the question is always whether an agency has gone beyond what it legislatively has been permitted to do, and "there is no principled basis for carving out some arbitrary subset of such claims as 'jurisdictional.'").

[¶12] Chapter 49-02, N.D.C.C., generally provides for the Commission's powers. The Commission's general jurisdiction over public utilities is set forth in N.D.C.C. § 49-02-01, and specific powers of the Commission are delineated in N.D.C.C. § 49-02-02. Relevant to this case is whether Meridian needed to obtain a certificate of site compatibility from the Commission under N.D.C.C. ch. 49-22.1, governing energy conversion and transmission facilities.

[¶13] Section 49-22.1-04, N.D.C.C., states, in relevant part:

> A utility may not begin construction of a *gas or liquid energy conversion facility or gas* or liquid transmission facility in the state without first having obtained a certificate of site compatibility or a route permit from the commission pursuant to this chapter. The facility must be constructed, operated, and maintained in conformity with the certificate or permit and any terms, conditions, or modifications of the certificate or permit.

(Emphasis added.) Section 49-22.1-01(6)(b), N.D.C.C., defines "[g]as or liquid energy conversion facility" as "any plant, addition, or combination of plant and addition, *designed for or capable of*: . . . b. Manufacture or refinement of fifty thousand barrels [7949.36 cubic meters] or more of liquid hydrocarbon products per day[.]" (Emphasis added.) There is no dispute that the Commission requires a site compatibility certificate at a 50,000 bpd threshold.

5

B

[¶14] Appellants argue the Commission's decision to grant the motion to dismiss its formal complaint before allowing discovery and based only on Meridian's factual assertions was clear legal error. They argue its decision violates basic rules governing motions to dismiss under N.D.R.Civ.P. 12 and summary judgment under N.D.R.Civ.P. 56 and they are entitled to an evidentiary hearing because jurisdictional facts are in dispute. They contend the Commission's decision violates core principles of fairness and due process.

[¶15] Meridian made its motion to the Commission, seeking dismissal of the formal complaint under N.D.R.Civ.P. 12(b)(1) and contending informal disposition under N.D.C.C. § 28-32-22 was appropriate. The parties rely on N.D.R.Civ.P. 12(b)(1) to provide the proper procedure to dismiss a "formal complaint" before the Commission.

[¶16] Under our Rules of Civil Procedure, a motion to dismiss under N.D.R.Civ.P. 12(b)(1) allows a party to challenge the court's subject matter jurisdiction. Subject matter jurisdiction is a court's power to hear and decide the general subject involved in the action. *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583. In deciding jurisdiction under N.D.R.Civ.P. 12(b)(1), the district court may consider matters outside the pleadings without converting the proceedings to summary judgment under N.D.R.Civ.P. 56. *Thompson v. Peterson*, 546 N.W.2d 856, 860 (N.D. 1996); *see also Osborn v. United States*, 918 F.2d 724 (8th Cir. 1990). However, this Court has also said when a jurisdictional issue is intertwined with the case's merits, a Rule 12(b)(1) motion should be addressed under Rule 56 standards. *Allied Mut. Ins. Co. v. Dir. of N.D. Dep't of Transp.*, 1999 ND 2, ¶ 5 n.1, 589 N.W.2d 201 (citing *Thompson*, at 860). We consider federal court decisions interpreting parallel rules for further guidance on the necessity of an evidentiary hearing. *See Choice Fin. Grp. v. Schellpfeffer*, 2006 ND 87, ¶ 12, 712 N.W.2d 855 ("Although not binding, federal court interpretations of a corresponding federal rule of civil procedure are highly persuasive in construing our rule.").

[¶17] "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United*

*States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack, "the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914-15 (8th Cir. 2015) (citation omitted). The plaintiff bears the burden of proving jurisdiction exists in a factual challenge. *Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 464 (3d Cir. 2013). "[T]rial courts have 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018) (quoting *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008)).

[¶18] Under Rule 12(b)(1), "[a] court can evaluate its jurisdiction without an evidentiary hearing so long as the court has afforded [the parties] notice and a fair opportunity to be heard." *Johnson*, 534 F.3d at 964 (quotation omitted). "Ultimately, the court must rule upon the jurisdictional issue [unless it] is so bound up [*i.e.*, intertwined] with the merits that a full trial on the merits may be necessary to resolve the issue." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quotation omitted). The question of jurisdiction and the merits are considered intertwined when "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983).

[¶19] This Court has harmonized the Rules of Civil Procedure with AAPA provisions in appeals from an agency to the district court when there was no inconsistency between the statutes and the rules. *See Reliance Ins. Co. v. Pub. Serv. Comm'n*, 250 N.W.2d 918, 922-23 (N.D. 1977) (concluding service was timely because relevant AAPA provisions, consistent with the Rules of Civil Procedure, allowed service by mail and implied service is completed or effective upon mailing rather than upon receipt of the notice); *see also Dunn v. N.D. Dep't of Transp.*, 2010 ND 41, ¶ 16, 779 N.W.2d 628; *Lewis v. N.D. Workers Comp. Bureau*, 2000 ND 77, ¶ 7, 609 N.W.2d 445; *Lende v. N.D. Workers' Comp. Bureau*, 1997 ND 178, ¶ 30, 568 N.W.2d 755. *But compare Colgate-Palmolive Co. v. Dorgan*, 225 N.W.2d 278, 282 (N.D. 1974) (stating in the context of

N.D.R.Civ.P. 37, which grants a court authority to dismiss a complaint or strike a defense on a party's failure to comply with discovery: "There appears no authority for transplanting the Rules of Civil Procedure into administrative proceedings. Granting an administrative agency, with prosecutory and adjudicative functions, powers coextensive with the courts would raise serious constitutional questions."), *with Reliance Ins. Co.*, at 922 (explaining it was "obvious" the Court in *Colgate-Palmolive* "did not conclude that the Rules of Civil Procedure do not apply to administrative agencies" and was "highly improbable . . . [it] intended to reverse its holding in *Evanson v. Wigen*, 221 N.W.2d 648 (N.D. 1974), which held that Rule [55], N.D.R.Civ.P., and Rule 43(e), N.D.R.Civ.P., apply to administrative agencies without even mentioning the *Evanson* case."). We also note the AAPA in certain sections specifically incorporates the North Dakota Rules of Civil Procedure, particularly regarding issues of service, amended and supplemental pleadings, and discovery. *See, e.g.*, N.D.C.C. §§ 28-32-21, 28-32-25, 28-32-33, and 28-32-39.

[¶20] The Commission has promulgated its own regulations addressing pleading and practice. Article 69-02, N.D. Admin. Code, governs the Commission's practice and procedure, and N.D. Admin. Code ch. 69-02-02 governs pleadings. Under N.D. Admin. Code § 69-02-02-02(4), the Commission initially determines whether a "formal complaint" states a "prima facie case and conforms to this article." "If the complaint does not state a prima facie case or does not conform to this article, the commission will notify the complainant and provide the complainant an opportunity to amend within a specified time. If the complaint is not amended, it will be dismissed." *Id.* Under N.D. Admin. Code § 69-02-02-03, the respondent may file an "answer," which among other things must contain "[a] specific denial of each material allegation of the complaint which is controverted by the respondent." Here, the Commission found the Appellants' "formal complaint" states a "prima facie case." Meridian did not answer the complaint but moved to dismiss the complaint under N.D.R.Civ.P. 12(b)(1) and N.D.C.C. § 28-32-22, rather than under any specific procedural administrative rule promulgated by the Commission. We note the Commission has applied N.D.R.Civ.P. 12 in other administrative cases. *See Dakota Access, LLC Dakota Access Pipeline Project Siting Application*, Case No. PU-14-842, 2017 WL 527325 (January 31, 2017). While the parties here

8

have relied on N.D.R.Civ.P. 12(b)(1), N.D.R.Civ.P. 81 provides that "[s]pecial statutory proceedings . . . are excluded from these rules [of civil procedure] to the extent they are inconsistent or in conflict with the procedure and practice provided by these rules." Any discretion the court may have in applying N.D.R.Civ.P. 12(b)(1) may not apply to administrative agencies if it would be inconsistent with N.D.C.C. ch. 28-32.

[¶21] Section 28-32-01(1), N.D.C.C., defines an "[a]djudicative proceeding" in part as:

> [A]n administrative matter resulting in an agency issuing an order after an opportunity for hearing is provided or required. An adjudicative proceeding includes administrative matters *involving a hearing on a complaint against a specific-named respondent*; a hearing on an application seeking a right, privilege, or an authorization from an agency, such as a ratemaking or licensing hearing; or a hearing on an appeal to an agency. An adjudicative proceeding includes reconsideration, rehearing, or reopening. Once an adjudicative proceeding has begun, the adjudicative proceeding includes any informal disposition of the administrative matter under section 28-32-22 or another specific statute or rule, unless the matter has been specifically converted to another type of proceeding under section 28-32-22. *An adjudicative proceeding does not include a decision or order to file or not to file a complaint*, or to initiate an investigation, an adjudicative proceeding, or any other proceeding before the agency, or another agency, or a court. *An adjudicative proceeding does not include a decision or order to issue*, reconsider, or reopen an order *that precedes an opportunity for hearing* or that under another section of this code is not subject to review in an adjudicative proceeding.

(Emphasis added.) Section 28-32-21, N.D.C.C., provides in relevant part that "[a]dministrative agencies shall comply with the following procedures in all adjudicative proceedings":

> 1. a. For adjudicative proceedings involving a hearing on a complaint against a specific-named respondent, a complainant shall prepare and file a clear and concise complaint *with the agency having subject matter jurisdiction of the proceeding*. The complaint

9

shall contain a concise statement of the claims or charges upon which the complainant relies, including reference to the statute or rule alleged to be violated, and the relief sought.

. . . .

2. At any hearing in an adjudicative proceeding, the parties shall be afforded opportunity to present evidence and to examine and cross-examine witnesses as is permitted under sections 28-32-24 and 28-32-35.

(Emphasis added.) *See also* N.D.C.C. §§ 28-32-21(1)(b)-(h). Section 28-32-22, N.D.C.C., allows certain circumstances for an informal disposition:

Unless otherwise prohibited by specific statute or rule, informal disposition may be made of any adjudicative proceeding, or any part or issue thereof, by stipulation, settlement, waiver of hearing, consent order, default, alternative dispute resolution, or other informal disposition, subject to agency approval. Any administrative agency may adopt rules of practice or procedure for informal disposition if such rules do not substantially prejudice the rights of any party. Such rules may establish procedures for converting an administrative matter from one type of proceeding to another type of proceeding.

[¶22] The Commission maintains on appeal that the overarching issue is whether it has "subject matter jurisdiction," such that the Commission has authority under the AAPA to order a hearing and discovery. The Commission asserts it took into account competent evidence of Meridian's CEO's affidavit that stated Meridian does not plan to exceed the jurisdictional threshold. It asserts the Commission had additional reason to accept the ALJ's findings based on its own correspondence and an information exchange meeting with Meridian. The Commission asserts that no evidence could be presented at or determined through an evidentiary hearing to provide "clairvoyance" about Meridian's intent and that, as a "Rule 12(b)(1) case," it could consider matters outside the pleadings without converting the proceedings to summary judgment.

[¶23] Meridian also responds that its Rule 12(b)(1) motion was a "factual attack" on the Commission's "subject matter jurisdiction" and the Commission

10

was free to consider the evidence before it without an evidentiary hearing. Meridian contends that, even if the complaint's allegations are accepted as true, the Commission lacks "subject matter jurisdiction" because, as alleged, the first phase of the refinery's construction was only for a capacity of 27,500 bpd, which still would not trigger the Commission's threshold jurisdiction for 50,000 or more bpd. Meridian argues "subject matter jurisdiction" is a necessary prerequisite to a hearing under N.D.C.C. § 28-32-21, and the Commission's decision on jurisdiction was not an "adjudicative proceeding" under N.D.C.C. § 28-32-01. Both the Commission and Meridian essentially assert the Commission lacked "subject matter jurisdiction" to conduct an evidentiary hearing or order discovery in this case.

[¶24] It is axiomatic that the Commission has statutory authority to hold a hearing and make findings to decide whether it has authority to regulate the particular facility in this case. Section 49-22.1-04, N.D.C.C., plainly provides the Commission with subject matter jurisdiction over matters involving a utility constructing a "gas or liquid energy conversion facility," so as to require obtaining a certificate of site compatibility. That is the general class of cases to which this case belongs. There can be no dispute that the legislature has granted the Commission general regulatory authority over the construction of a "gas or liquid energy facility" under N.D.C.C. ch. 49-22.1. The dispute in this case turns on whether the specific facility Meridian is constructing falls above or below the jurisdictional line provided in N.D.C.C. § 49-22.1-01(6)(b), which excludes from Commission authority those facilities that are designed for or capable of manufacturing or refining less than 50,000 bpd.

[¶25] Put simply, the issue here is whether a project proponent may avoid the time and expense of an additional layer of regulatory review that comes with a larger project by deciding to reduce the scale of a project to a size just below the regulatory threshold. Meridian made a public commitment to that decision by filing an affidavit with the Commission stating its intent to comply with the law and not exceed 49,500 bpd.

[¶26] The Commission recognizes that its regulatory authority is limited to projects that meet the definition of "gas or liquid energy conversion facility"

11

found in N.D.C.C. § 49-22.1-01(6). A refinery not designed for or capable of refining 50,000 bpd is not a "gas or liquid energy conversion facility" as that term is defined. The Commission, after first finding a prima facie case was stated in the complaint, concluded it lacked jurisdiction on the basis of the affidavit of Meridian's chairman and CEO which stated Meridian's planned facility is now designed for and capable of refining no more than 49,500 barrels per day. That effectively mooted this case by placing the project outside Commission authority.

[¶27] In its order adopting the ALJ's recommended decision dismissing the complaint, the Commission pointedly reminded Meridian that the Commission has authority to investigate compliance and seek civil or criminal penalties or injunctive relief for violation of the siting permit requirements. A corporation's intent may be expressed only through the statements of its agents. Like the intent of a natural person, Meridian's intent may change over time in response to market conditions such as oil prices, tax rates, local opposition, or regulatory requirements. Intent may change, but what does not change is the Commission's absence of authority to regulate facilities designed for or capable of refining fewer than 50,000 barrels per day.

IV

[¶28] We conclude N.D.C.C. ch. 28-32 does not require the Commission to hold a hearing in these circumstances. We affirm the district court judgment and the Commission's order of dismissal.

[¶29] Jerod E. Tufte
Lisa Fair McEvers
Daniel J. Crothers
Jon J. Jensen, C.J.

**VandeWalle, Justice, dissenting.**

[¶30] I respectfully dissent. I believe the Appellants were entitled to an evidentiary hearing on their formal complaint against Meridian. Once the Commission determined the formal complaint established a "prima facie case" under its pleading rule, N.D. Admin. Code § 69-02-02-02, the matter became an

12

adjudicative proceeding under N.D.C.C. § 28-32-01(1), and an evidentiary hearing was required under N.D.C.C. § 28-32-21.

[¶31] The Legislature granted the Commission general regulatory authority over the construction of gas or liquid energy facilities under N.D.C.C. ch. 49-22.1. The parties do not contend the Appellants filed their complaint with the wrong agency. I believe the factual dispute does not involve the Commission's subject matter jurisdiction, but rather the dispute is whether the specific "gas or liquid energy conversion facility" Meridian is constructing falls within the statutory exception provided in N.D.C.C. § 49-22.1-01(6)(b) for facilities that are designed for or capable of manufacturing or refining less than 50,000 bpd. Meridian's factual assertions about the oil refinery do not divest the Commission of its subject matter jurisdiction over "gas or liquid energy conversion facilities," particularly after the Commission held the complaint stated a "prima facie case."

[¶32] "We have stated, '[t]he jurisdiction of an administrative agency is dependent upon the terms of the statute and must meet at least the basic mandatory provisions of the statute before jurisdiction is established.'" *Robinson v. N.D. Workforce Safety & Ins.*, 2019 ND 201, ¶ 8, 931 N.W.2d 692 (quoting *Schwind v. Dir., N.D. Dep't of Transp.*, 462 N.W.2d 147, 150 (N.D. 1990)). While, as a general rule, an administrative agency's proceedings are not restricted by the technical and formal rules practiced before a court, the fundamental principles of judicial inquiry should be observed. *Robinson*, at ¶ 8 (citing *State ex rel. Pub. Serv. Comm'n v. No. Pac. Ry. Co.*, 75 N.W.2d 129, 134 (N.D. 1956)). In this case, however, I believe the majority erroneously affirms the Commission's reliance on N.D.R.Civ.P. 12(b)(1) to justify an informal disposition of the adjudicative proceeding under N.D.C.C. § 28-32-22 without conducting an evidentiary hearing.

[¶33] Albeit in a different context, this Court's holding in *Steele v. N.D. Workmen's Comp. Bureau*, 273 N.W.2d 692, 700-01 (N.D. 1978), is instructive. In *Steele*, this Court held its analysis of N.D.C.C. ch. 28-32 compelled the Court "to conclude that a formal hearing is required whenever the administrative

agency acts in a quasi-judicial capacity unless the parties either agree otherwise or there is no dispute of a material fact." In *Steele*, at 701, this Court did not rule out "the use of an informal hearing (a non-evidentiary hearing) for making an initial determination [as long as] the Bureau [i.e., the administrative agency] will afford the claimant a formal hearing (an evidentiary hearing) upon request if a dispute of a material fact exists, as contemplated by the due process requirements set out by the Legislature in Ch. 28-32, NDCC." *Steele*, at 701.

[¶34] What the majority describes as "avoid[ing] the time and expense of an additional layer of regulatory review" is simply the denial of the statutory right to an evidentiary hearing under N.D.C.C. § 28-32-21. The Commission's position does not inspire confidence and respect in our regulatory system. I do not believe the Commission may rely on N.D.R.Civ.P. 12(b)(1) to circumvent an administrative agency's statutory procedural requirements for an adjudicative proceeding under N.D.C.C. § 28-32-21. Moreover, to the extent N.D.R.Civ.P. 12(b)(1) could properly apply, the issue of the Commission's jurisdiction and the formal complaint's merits are intertwined under N.D.C.C. §§ 49-22.1-01(6)(b) and 49-22.1-04. As such, an evidentiary hearing is necessary to resolve the disputed fact issues regarding the design and capacity of Meridian's facility. Therefore, I dissent.

[¶35] Gerald W. VandeWalle