2000 ND 175

**Cassandra Leigh ROTT, Petitioner and Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

**No. 20000112.**

Supreme Court of North Dakota.

Oct. 3, 2000.

Andrew Moraghan, Assistant Attorney General, Bismarck, for respondent and appellant.

Lawrence P. Kropp of Kropp Law Offices, Jamestown, for petitioner and appellee.

NEUMANN, Justice.

[¶ 1] The North Dakota Department of Transportation appeals from the district court's judgment reversing the department's decision to cancel Cassandra Rott's driver's license. We reverse.

[¶ 2] On September 17, 1997, Cassandra Rott, then fourteen years of age, received a class D North Dakota driver's license. Effective August 1, 1999, the North Dakota Legislative Assembly enacted N.D.C.C. § 39–06–01.1, providing for the cancellation of a minor's driver's license or permit upon an accumulation of a point total in excess of five points. On October 14, 1999, while still a minor, Rott committed a traffic offense resulting in six points assessed against her driving record.

[¶ 3] On November 1, 1999, the department issued an order notifying Rott of its intent to cancel her driver's license based on an offense triggering N.D.C.C. § 39–06–01.1. Rott requested an administrative hearing.

[¶ 4] At the hearing, Rott conceded she was a minor convicted of a traffic offense resulting in assessment of six points against her driving record. Rott argued that applying N.D.C.C. § 39–06–01.1 to her was an unconstitutional *ex post facto* application and violated her due process right to proper notice. The hearing officer recommended the department cancel Rott's driver's license based on a point total in excess of five points. On December 1, 1999, the department issued its final decision canceling Rott's driver's license.

[¶ 5] Rott appealed the department's decision to the district court. The district court reversed the license cancellation. The department appeals.

[¶ 6] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs the review of an administrative decision to suspend or revoke a driver's license. *Morrell v. North Dakota Dept. of Transp.*, 1999 ND 140, ¶ 6, 598 N.W.2d 111. When reviewing a driver's license suspension or revocation, we review the agency's decision. *Id.* at ¶ 6. We affirm the agency's decision unless:

1) a preponderance of the evidence does not support the agency's findings; 2) the agency's findings of fact do not support its conclusions of law and its decision; 3) the agency's decision violates the constitutional rights of the appellant; 4) the

agency did not comply with the Administrative Agencies Practice Act in its proceedings; 5) the agency's rules or procedures have not afforded the appellant a fair hearing; or 6) the agency's decision is not in accordance with the law.

*Id.* at ¶ 6.

The canceling language of N.D.C.C. § 39–06–01.1 provides:

1. The director shall cancel the permit or license to operate a motor vehicle of an individual who has committed acts resulting in an accumulated point total in excess of five points as provided for a violation under section 39–06.1–10 or has committed an alcohol-related offense while operating a motor vehicle, if:

   a. The acts or offenses were committed while the individual was a minor; and

   b. The individual admitted the violation, was found to have committed the violation by the official having jurisdiction, or pled guilty to, was found guilty of, or adjudicated to have committed the offense.

The department argues it appropriately canceled Rott's driver's license under N.D.C.C. § 39–06–01.1. The parties agree the facts in this case satisfy the elements of N.D.C.C. § 39–06–01.1. Rott was a minor convicted of a traffic offense resulting in six points being assessed against her driving record. Rott's argument to the district court and on appeal is that the statute, as applied to her, is unconstitutional because it is retroactive and an *ex post facto* punishment and because it violates her due process rights.

■ [¶ 7] The department asserts Rott's *ex post facto* challenge should fail because the department did not apply N.D.C.C. § 39–06–01.1 retroactively. A statute is applied retroactively if it operates on transactions that have already occurred, or on rights existing before its enactment. *Glaspie v. Little*, 1997 ND 108, ¶ 5, 564 N.W.2d 651. According to

the department, because the effective date of the statute was August 1, 1999, and the traffic offense occurred on October 14, 1999, the application of the statute is not retroactive.

[¶ 8] Rott argues that because she held a class D driver's license nearly two years before the effective date of N.D.C.C. § 39–06–01.1, and because N.D.C.C. § 39–06–01.1 affected her right to her driver's license by changing her driver's license status, the statute was applied retroactively.

[¶ 9] In *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 239 (N.D.1979), this Court explained retroactivity as follows:

A statute is applied retroactively when it is applied to a cause of action that arose prior to the effective date of the statute. A statute is applied prospectively when it is applied to a cause of action that arose subsequent to the effective date of the statute.

Applying that rationale, in *State v. Haverluk*, 432 N.W.2d 871, 873–74 (N.D.1988), this Court held a statute providing increased penalties for repeat DUI offenders was not applied retroactively merely because the prior offense occurred before the effective date of the statute, when the current offense occurred after that date.

[¶ 10] Here, N.D.C.C. § 39–06–01.1 became effective August 1, 1999. Rott's license cancellation resulted from an offense on October 14, 1999. Consistent with our holding in *Haverluk*, N.D.C.C. § 39–06–01.1 was not applied retroactively to Rott. The offense triggering the cancellation of Rott's license occurred subsequent to the effective date of the statute. Accordingly, Rott's *ex post facto* argument is without merit.

■ [¶ 11] Rott also argues the enactment of N.D.C.C. § 39–06–01.1 changed the status of her driver's license, affecting her property interest in her driver's license. Because she was not notified of the status change, Rott contends her due process rights were violated.

[¶ 12] The mere enactment of N.D.C.C. § 39–06–01.1 did not change the status of Rott's license. Rott held a class D driver's license before and after the August 1, 1999, effective date of N.D.C.C. § 39–06–01.1. Rather, the enactment of N.D.C.C. § 39–06–01.1 changed the consequence of Rott's subsequent traffic conviction. Accordingly, Rott was not entitled to notice of the enactment of N.D.C.C. § 39–06–01.1.

[¶ 13] The district court's judgment reversing the department's decision to cancel Rott's driver's license is reversed.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.