2005 ND 178

**Donna BJERKLIE, Claimant and Appellant**

v.

**WORKFORCE SAFETY AND INSURANCE, Appellee.**

No. 20050111.

Supreme Court of North Dakota.

Oct. 18, 2005.

Steven L. Latham, Wheeler Wolf, Bismarck, N.D., for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, N.D., for appellee.

SANDSTROM, Justice.

[¶ 1] Donna Bjerklie appeals a district court judgment affirming Workforce Safety and Insurance's ("WSI") order discontinuing her disability and rehabilitation benefits after an alleged second instance of noncompliance with vocational rehabilitation requirements. We affirm, concluding that a claimant has not shown good cause for failure to attend a scheduled medical assessment when the claimant has a reasonable opportunity to inform WSI why she cannot or will not attend and fails to do so.

I

[¶ 2] Bjerklie injured her right arm on the job in 1991 while employed by North Dakota State University. WSI accepted her claim and began paying her disability benefits. Bjerklie's injury lead to "reflex sympathetic dystrophy," also known as "complex regional pain syndrome." As part of Bjerklie's treatment, her physician had prescribed several medications, some of which allegedly affect her ability to drive safely. Bjerklie first failed to comply with vocational rehabilitation requirements in 2002 when she refused to sign a WSI release allowing WSI to obtain her college transcripts. She ultimately signed

the release, and her benefits were reinstated.

[¶ 3] On December 9 and 10, 2003, WSI notified Bjerklie she was to attend an independent medical examination ("IME") on January 12, 2004, in Fargo. Attending the IME would have required Bjerklie to travel from Bismarck to Fargo. On December 26, she wrote to WSI, stating, "I am unable to go to Fargo for IME scheduled for Jan[uary] 12, 2004." WSI replied on January 6, 2004, asking her why she could not attend and warning her that if she did not have good cause to miss the IME, her benefits would be discontinued. She replied by letter on January 9, 2004, citing an inability to travel to Fargo because of her physical condition and medication. Her letter was received by WSI on January 12. She did not attend the IME, and WSI notified her that her benefits were being discontinued. Bjerklie requested a hearing.

[¶ 4] After a hearing, the Administrative Law Judge ("ALJ") concluded she did not have good cause for failing to cooperate with WSI or appear at the IME and recommended her benefits be discontinued. WSI adopted the ALJ's recommended findings of fact and conclusions of law. Bjerklie appealed to the district court, which affirmed WSI's order.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06, 65–10–01, and 28–32–42. Bjerklie's appeal was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

[¶ 6] Bjerklie raises three issues on appeal: did WSI act outside its authority by requiring Bjerklie to attend the IME; did WSI act outside its authority by requiring her to travel to Fargo; and did she have good cause to not attend the IME? We decline to address the first two issues because they were not presented at the administrative level. This Court has repeatedly said it will not review an issue that was not properly raised by a party at the administrative level. *Unser v. N.D. Workers Comp. Bureau*, 1999 ND 129, ¶ 8, 598 N.W.2d 89; *see also Alerus Financial, N.A. v. Lamb*, 2003 ND 158, ¶ 17, 670 N.W.2d 351 (" 'We have repeatedly held that issues not raised in the trial court cannot be raised for the first time on appeal.' ") (quoting *Questa Res., Inc. v. Stott*, 2003 ND 51, ¶ 6, 658 N.W.2d 756).

[¶ 7] Bjerklie argued at oral argument that her Specifications of Error filed with the district court preserved the issues for appeal. The Administrative Agencies Practice Act requires that alleged errors from the administrative level be specifically enumerated for the district court. N.D.C.C. § 28–32–42(4). This Court will summarily affirm the agency's decision if the appellant " 'fail[s] to specifically identify any error with any particularity.' " *Vetter v. N.D. Workers Comp. Bureau*, 554 N.W.2d 451, 454 (N.D.1996) (quoting *Maginn v. N.D. Workers Comp. Bureau*, 550 N.W.2d 412, 417 (N.D.1996) (Sandstrom, J., concurring specially); *Held v. N.D. Workers Comp. Bureau*, 540 N.W.2d 166, 171 (N.D.1995) (Sandstrom, J., concurring specially)). None of Bjerklie's Specifications of Error enumerate as issues whether WSI acted outside its authority by requiring Bjerklie to attend the IME and by requiring her to travel to Fargo. The errors that are enumerated are all related to Bjerklie's third issue: did Bjerklie have good cause to not attend the IME? Therefore, that is the only issue we will address.

## III

[¶ 8] The decision of an administrative agency is reviewed as provided in

the Administrative Agencies Practice Act, N.D.C.C. § 28–32–46, which provides, in part:

A judge of the district court must review an appeal from the determination of an administrative agency based only on the record filed with the court. After a hearing, the filing of briefs, or other disposition of the matter as the judge may reasonably require, the court must affirm the order of the agency unless it finds that any of the following are present:

1. The order is not in accordance with the law.

. . . .

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.

. . . .

[¶ 9] On appeal, we review the agency decision in the same manner as the district court. N.D.C.C. § 28–32–49. This court does not "make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). "Questions of law, including the interpretation of a statute, are fully reviewable on appeal from an administrative decision." *Barnes v. Workforce Safety and Ins.*, 2003 ND 141, ¶ 9, 668 N.W.2d 290. WSI is responsible for weighing the credibility of witnesses and resolving conflicts in the evidence. *Grotte v. N.D. Workers' Comp. Bureau*, 489 N.W.2d 875, 878 (N.D.1992).

[¶ 10] Bjerklie argues she had good cause for failing to attend the IME because no person in her physical condition would attempt to travel from Bismarck to Fargo. WSI argues that because she did not timely notify WSI why she could not attend, she did not have good cause.

[¶ 11] WSI may require a claimant to undergo an IME at any time for a review of the claimant's diagnosis, prognosis, treatment, or fees. N.D.C.C. § 65–05–28(3). Section 65–05.1–04(6), N.D.C.C., provides, in part:

If, without good cause, the injured employee fails to attend a scheduled medical or vocational assessment, fails to communicate or cooperate with the vocational consultant, or fails to attend a specific qualified rehabilitation program within ten days from the date the rehabilitation program commences, the employee is in noncompliance with vocational rehabilitation.

Thus, under this section, a claimant is in noncompliance if she fails to attend a medical or vocational assessment or fails to communicate or cooperate with WSI. If a claimant engages in two instances of noncompliance without good cause, the claimant's benefits are permanently discontinued. N.D.C.C. § 65–05.1–04(6).

[¶ 12] Under this Court's caselaw, a claimant has good cause for not attending an IME if the claimant has a reason that would cause a reasonably prudent person to refuse to attend the IME under the same or similar circumstances. *See Fuhrman v. N.D. Workers Comp. Bureau*, 1997 ND 191, ¶ 9, 569 N.W.2d 269 ("A claimant has good cause for failing to attend a rehabilitation program if the claimant has a reason that would cause a reasonably prudent person to refuse to attend the rehabilitation program under the same or similar circumstances.").

[¶ 13] The ALJ's Recommended Findings of Fact, which WSI adopted, state:

11. The record does not show that Ms. Bjerklie contacted WSI regarding the

IME or her need for accommodations at any time prior to the scheduled IME. Ms. Bjerklie's testimony at the hearing that she did have conversations with WSI is not credible. The only documentation of her contact with WSI is her letter of December 26, 2003, which offered no explanation for her decision not to attend the IME and requested no modifications; and her letter of January 9, 2004, which WSI received on the day of the scheduled IME, and again stated only that she couldn't drive and any IME should be done in Bismarck. She had no intention of attending the IME and waited until the last possible moment to say so.

12. The greater weight of the evidence does not show that Ms. Bjerklie had good cause for her failure to attend the IME with Dr. Cooper. Ms. Bjerklie says she can't drive and she has no reliable vehicle. She also says that in 1994 and 1996, nearly ten years ago, WSI paid for and arranged her transportation to medical evaluations and accordingly, it should have known that she needed transportation this time too. First, the evidence does not show that Ms. Bjerklie was physically incapable of getting to Fargo. She admitted at the hearing that she could have tolerated the drive to Fargo, if a friend had driven her. Second, the evidence shows that she did have access to reliable vehicles. In any event, even assuming that Ms. Bjerklie could not drive to Fargo herself; that does not explain why she did not attend the IME. She was specifically advised that if she needed special accommodations she was to contact WSI immediately. She did not. The record shows that had she done so, WSI would have accommodated her, as it had done before, by providing transportation and assistance. Ms. Bjerklie has no explanation for her failure to request accommodations, except to offer contradictory and incredible testimony that on the one hand, WSI should have known she needed accommodations and in the alternative, that she discussed the need for accommodations with WSI and WSI somehow failed her. Neither explanation is supported by the record.

. . . .

15. . . . Finally, Ms. Bjerklie's letter of December 26, 2003, informing WSI that "I am unable to go to Fargo" communicates nothing but her intent not to go and demonstrates her lack of cooperation. WSI has issued four Notices of Intention to Discontinue/Reduce Benefits related to Ms. Bjerklie's willful failure and deliberate refusal to comply with her vocational rehabilitation plan. Ms. Bjerklie's actions certainly do not speak to a good faith effort to communicate or cooperate with the vocational consultant.

[¶ 14] The ALJ's Recommended Conclusions of Law, which WSI also adopted, state:

1. If, without good cause, the injured employee fails to attend a scheduled medical or vocational assessment, fails to communicate or cooperate with the vocational consultant . . . the employee is in noncompliance with vocational rehabilitation. N.D.C.C. § 65–05.1–04(6). The greater weight of the evidence does not show that Ms. Bjerklie had good cause for her failure to attend the medical assessment with Dr. Cooper on January 12, 2004. Ms. Bjerklie has not shown that her physical condition or any other circumstance prevented her from going to Fargo. She admitted that she could tolerate a ride to Fargo and she was specifically advised to contact WSI if she needed accommodations. Had she done so, she would have been accommodated. Pursuant to the Notice to Attend Medical Assessment she was obligated to ad-

vise WSI of her need for transportation or she was obligated to attend the medical assessment. Her failure to do either is contrary to what a reasonable and prudent person under similar circumstances would have done and does not support a finding of good cause. It constitutes noncompliance with section 65–05.1–04(6) and prevented WSI from assessing her capability to work and her need for rehabilitation.

2. Ms. Bjerklie has, without good cause, failed to communicate or cooperate with the vocational consultant. She refused to attend medical assessments, an FCA, she refused to sign releases, and instructed her college advisor not to speak with the vocational consultant. Most recently, and with regard to her failure to attend the IME scheduled for January 12, 2004, she ignored the direction to contact WSI immediately if she needed accommodation to attend the IME. Instead, she waited until the last possible moment to send a letter stating that she would not attend the IME. She then sent an "explanatory" letter to WSI on Friday, January 9, but she admits that she had no intention of attending the IME. As expected, WSI didn't receive the letter until Monday, January 12, the date of the IME. Ms. Bjerklie's actions do not speak to a good faith effort to communicate and cooperate and do, in themselves, constitute noncompliance. *See* N.[D].C.C. 65–05.1–04.

[¶ 15] WSI's findings that Bjerklie failed, without good cause, to cooperate with WSI by failing to communicate with the agency or by failing to attend the IME are supported by the record. Bjerklie was originally notified of the IME on December 9 and 10, 2003. Bjerklie sent WSI a very brief letter on December 26, stating merely that she could not attend. WSI responded on January 6, 2004, explaining that without an explanation of good cause, the IME would not be rescheduled. WSI

clearly communicated to her on December 9 and 10, 2003, and on January 6, 2004, that she should contact WSI if she needed accommodations. These communications simply relayed to Bjerklie her responsibility under N.D.C.C. § 65–05.1–04(6) to communicate with WSI. Bjerklie was also aware that her benefits would be suspended if she did not attend the IME. A reasonable person would have contacted WSI and stated specifically why he or she could not attend, because there was the risk that the person's benefits would be discontinued. The record supports the conclusion that had Bjerklie cooperated with WSI by timely contacting the agency, WSI would have made travel arrangements for her, as it had in the past, so she could have attended the IME. Her testimony regarding whether she intended to attend the IME was also inconsistent. She testified that she was willing to attend the IME, but also admitted that as of January 9, 2004, three days before the IME, she did not intend to go. If she had been willing to attend the IME, she would have cooperated with WSI either by contacting the agency for travel accommodations or by finding a way to travel to Fargo herself. The record supports WSI's finding that she could have traveled to Fargo. She admitted at the hearing that although she could not drive herself to Fargo, she could have tolerated the trip had someone else driven. At the time of the IME, there were four vehicles registered in her name, two of which had current licenses. Instead of timely contacting WSI, Bjerklie waited until January 9 to tell WSI why she could not travel to Fargo. WSI did not receive her letter until January 12, the day of the appointment. Bjerklie's explanation was untimely. She did not comply with her statutory responsibility to cooperate with WSI nor act as a reasonable person.

[¶ 16] It was disputed at the hearing whether or not Bjerklie telephoned WSI during the exchange of letters, but WSI concluded that Bjerklie's testimony was not credible and that no calls were made. WSI found the only communications Bjerklie had with WSI were her two letters dated December 26, 2003, and January 9, 2004. Bjerklie was noncooperative when she did not immediately contact WSI and explain why she could not attend. The WSI's findings of fact are supported by the record and are not against the preponderance of the evidence. We will not substitute our judgment for that of the agency's. *Barnes v. Workforce Safety and Ins.*, 2003 ND 141, ¶ 9, 668 N.W.2d 290. We hold that when a claimant who has a reasonable opportunity to inform WSI that she cannot attend an IME fails to do so, the claimant's responsibility to cooperate with WSI has not been fulfilled, the claimant has not communicated properly with WSI, the claimant does not have good cause to not attend the IME, and the claimant is in noncompliance with rehabilitation requirements.

[¶ 17] Bjerklie argues that WSI was on notice that she needed travel assistance to attend medical examinations because WSI had known she needed accommodations to attend examinations in 1994 and 1996. This argument is without merit. Those examinations were eleven and nine years ago. It would be unreasonable to conclude that WSI should have known Bjerklie would need travel accommodations because she had needed assistance nine and eleven years ago. Circumstances change over time. A claimant's condition could improve or worsen in nine years. Equally, the claimant's need for assistance could change with it. A claimant must fully and timely communicate with WSI.

IV

[¶ 18] We conclude that a reasonable claimant would cooperate with WSI either by timely contacting WSI to communicate why she could not attend an IME or by attending the IME. Bjerklie, having failed to do so, failed to fulfill her statutory duty to cooperate with WSI and did not have good cause to not attend the IME. WSI's findings of fact are supported by a preponderance of the evidence. Therefore, we affirm the district court judgment affirming WSI's discontinuation of Bjerklie's benefits.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

MARY MUEHLEN MARING, J., I concur in the result.