2006 ND 27

**Aaron LENTZ, Petitioner and Appellant**

v.

**David SPRYNCZNATYK, Director, North Dakota Department of Transportation, Respondent and Appellee.**

No. 20050234.

Supreme Court of North Dakota.

Jan. 31, 2006.

Tom P. Slorby, Slorby Law Office, Minot, ND, for petitioner and appellant.

Andrew Moraghan, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Aaron Lentz appeals from a district court judgment affirming a North Dakota Department of Transportation hearing officer's decision to suspend Lentz's commercial driving privileges for ninety-nine years. Lentz argues the stat-ute authorizing a lifetime suspension of his commercial driver's license should not be applied retroactively by considering his first driving-under-the-influence ("DUI") offense that occurred before the enactment of the statute. We affirm, concluding the commercial driver's license suspension statute is properly interpreted as including past DUI offenses as long as the triggering offense occurred after the effective date of the statute.

[¶ 2] Lentz received his commercial driver's license in 1998. Effective August 1, 2003, the North Dakota Legislative Assembly enacted a statute providing for the suspension of a commercial driver's license for life upon the accumulation of two DUI offenses. *See* N.D.C.C. § 39–06.2–10(8); 2003 N.D. Sess. Laws ch. 322, § 5. On February 20, 2001, Lentz was convicted in North Dakota of driving a noncommercial vehicle while he was under the influence of alcohol on September 5, 2000. On November 17, 2003, after the effective date of the suspension statute, Lentz received his second DUI offense while driving a noncommercial vehicle in Iowa on September 4, 2003.

[¶ 3] The Department informed Lentz that it intended to suspend his non-commercial driving privileges for 365 days and his commercial driving privileges for ninety-nine years under N.D.C.C. § 39–06.2–10. Lentz requested a hearing to challenge his license suspension. Following the hearing, a hearing officer determined that Lentz's commercial driving privileges could properly be suspended for ninety-nine years because the " 'triggering' offense was the Petitioner's conviction on November 17, 2003 ... which is subsequent to [the] effective date of the amendments to the statute." Thus, because Lentz's second DUI occurred after August 1, 2003, the statute's effective date, the

statute was being applied prospectively and not retroactively. A district court judge reviewed and affirmed the hearing officer's decision.

[¶ 4] We are asked to determine the appropriate interpretation of the commercial driver's license suspension statute. We review the decision of the administrative agency in the same manner as the district court. N.D.C.C. § 28–32–49. We defer to the agency's findings of fact if they are supported by a preponderance of the evidence, and we do not make independent findings. *Gray v. N.D. Game & Fish Dep't*, 2005 ND 204, ¶ 7, 706 N.W.2d 614. We decide only whether a reasoning mind reasonably could have decided the agency's findings were proven by the weight of the evidence from the entire record. *Eriksmoen v. N.D. Dep't of Transp.*, 2005 ND 206, ¶ 7, 706 N.W.2d 610. But on legal questions, such as an interpretation of a statute, an agency's decision is fully reviewable on appeal. *Bjerklie v. Workforce Safety & Ins.*, 2005 ND 178, ¶ 9, 704 N.W.2d 818. Our primary objective in the interpretation of a statute is to ascertain the intent of the legislature, which must be sought initially from the language of the statute. *Harter v. N.D. Dep't of Transp.*, 2005 ND 70, ¶ 7, 694 N.W.2d 677. In construing a statute, words are to be understood in their ordinary sense. N.D.C.C. § 1–02–02.

[¶ 5] Lentz argues on appeal his commercial license should not be suspended for ninety-nine years. He does not question the reasonableness of the length of his license suspension. Instead, Lentz believes the statute authorizing a lifetime suspension of his commercial driver's license cannot be used against him because the statute was not effective until August 1, 2003, and one of his DUI's occurred before the statute went into effect. The State argues the statute was properly interpreted as not being a retroactive law because the second DUI conviction occurred after the effective date of the statute.

[¶ 6] Our legislature has expressed a presumption against retroactive application of statutes: "No part of this code is retroactive unless it is expressly declared to be so." N.D.C.C. § 1–02–10. A retroactive statute extends "in scope or effect to matters that have occurred in the past." Black's Law Dictionary 1343 (8th ed.2004). "A statute is employed retroactively when it is applied to a cause of action that arose prior to the effective date of the statute." *Smith v. Baumgartner*, 2003 ND 120, ¶ 11, 665 N.W.2d 12.

[¶ 7] Here, N.D.C.C. § 39–06.2–10(8) became effective August 1, 2003. Section 39–06.2–10(8), N.D.C.C., provides:

For a second conviction of driving while under the influence or being under the influence of a controlled substance or refusal to be tested while operating a noncommercial motor vehicle, a commercial driver's licenseholder must be disqualified from operating a commercial motor vehicle for life.

[¶ 8] Lentz's second DUI conviction occurred in Iowa after the effective date of N.D.C.C. § 39–06.2–10(8), and his commercial driver's license was suspended for ninety-nine years. Lentz argues that since his first DUI conviction occurred before the statute became effective, the Department should have disqualified him from operating a commercial motor vehicle for only one year. Section 39–06.2–10(7), N.D.C.C., provides:

For a first conviction of driving while under the influence of alcohol or being under the influence of a controlled substance or refusal to be tested while operating a noncommercial motor vehicle, a commercial driver's licenseholder must

be disqualified from operating a commercial motor vehicle for one year.

[¶ 9] Lentz argues the ninety-nine year suspension of his commercial driver's license violates the legislative presumption against retroactive statutes. He claims that because the statute does not have express retroactivity language in the same subsection, it should not be applied retroactively to him. But in two analogous cases, *Rott v. N.D. Dep't of Transp.*, 2000 ND 175, 617 N.W.2d 475 and *State v. Haverluk*, 432 N.W.2d 871 (N.D.1988), we rejected similar arguments that an increased penalty, based partially on actions occurring before a statute was effective, created an illegal retroactive law.

[¶ 10] In *Rott*, we held the enactment of a change of consequence in Rott's driving privileges did not amount to a retroactive application of the statute. *Rott*, at ¶ 12. On October 14, 1999, the minor Rott committed a traffic offense resulting in six points assessed against her driving record. *Id.* at ¶ 2. Section 39–06–01.1, N.D.C.C., which became effective August 1, 1999, provided for the cancellation of a minor's driver's license or permit upon an accumulation of a point total in excess of five points. *Id.* at ¶ 10. Rott argued that because she held a class D driver's license nearly two years before the effective date of N.D.C.C. § 39–06–01.1, and because N.D.C.C. § 39–06–01.1 affected her right to her driver's license by changing her driver's license status, the statute was applied retroactively. *Id.* at ¶ 8. We stated that Rott's argument was "without merit" because a statute is only applied retroactively if it operates on transactions that have already occurred, or on rights existing before its enactment. *Id.* at ¶¶ 7, 10 (citing *Glaspie v. Little*, 1997 ND 108, ¶ 5, 564 N.W.2d 651). Rott's offense, which resulted in the loss of her driving privi-

leges, occurred after the effective date of the statute. *Rott*, at ¶ 2.

[¶ 11] In the same vein, we held in *Haverluk* that a statute providing increased penalties for repeat DUI offenders was not applied retroactively merely because the prior offense occurred before the effective date of the statute, when the current offense occurred after that date. *Haverluk*, 432 N.W.2d at 873–74. While a criminal case and not a civil license suspension case, *Haverluk* dealt with an enhanced penalty for a fourth DUI conviction in a seven-year period. *Id.* at 872. An amendment to N.D.C.C. § 39–08–01 that became effective on July 1, 1983, had enhanced the penalty for a fourth or subsequent DUI conviction in a seven-year period to a class A misdemeanor. *Id.* at 873. Haverluk subsequently was charged with his fourth DUI in 1987 and convicted of a class A misdemeanor. *Id.* at 872. On appeal, Haverluk argued that because his prior DUI's occurred before the 1983 amendment to N.D.C.C. § 39–08–01, they could not be used to enhance the penalty for his 1987 DUI conviction. *Id.* at 872–73. We disagreed noting that because the class A misdemeanor charge arose from an incident that occurred in 1987, after the effective date of the statutory amendment in 1983, Haverluk's conviction was not an unconstitutional ex post facto violation. *Id.* at 873.

[¶ 12] Other state jurisdictions have similarly held that the use of a prior drunk driving conviction to increase punishment for a subsequent drunk driving offense that is committed after the effective date of a statute providing for increased penalties, does not constitute an ex post facto application of the statute and does not violate a state's prohibition against retroactive statutes. *See, e.g., Sims v. State*, 262 Ark. 288, 556 S.W.2d 141, 142 (1977) (defendant's third DUI conviction was not

ex post facto law simply because habitual criminal and traffic offender act was triggered that included two offenses that were committed before effective date of the act); *State v. Sedillos*, 279 Kan. 777, 112 P.3d 854, 856 (2005) (prior DUI convictions considered in current punishment did not violate due process, ex post facto, or state's retroactivity statute); *State v. Willis*, 332 N.W.2d 180, 185 (Minn.1983) ("The use of prior convictions to increase punishment for an underlying substantive offense committed after the effective date of a statute providing for increased penalties does not violate the ex post facto provisions of either the state or federal constitutions"); *Alexander v. DOT, Bureau of Driver Licensing*, 583 Pa. 592, 880 A.2d 552, 561 (2005) (department of transportation's consideration of two prior DUI convictions as predicate offenses for purposes of determining defendant's status as a recidivist offender was not in error).

[¶ 13] The Department's application of N.D.C.C. § 39–06.2–10(8) cannot be said to be retroactive merely because Lentz's first DUI conviction in 2000 occurred before the effective date of the subsection. It was Lentz's second DUI offense, an offense that occurred after the effective date of the subsection in 2003, that triggered the ninety-nine year driver's license suspension.

[¶ 14] The district court's judgment affirming the Department's decision to suspend Lentz's commercial driver's license for ninety-nine years is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.