Filed 7/25/07 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2007 ND 117

Robert A. Bienek, Petitioner and Appellant

v.

Department of Transportation, Respondent and Appellee

No. 20070032

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Debbie Gordon Kleven, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Kerry S. Rosenquist of Rosenquist & Arnason, 301 N. 3
rd
 Street, 3
rd
 Floor, Ste. 300, Grand Forks, N.D. 58203, for petitioner and appellant.

Zachary E. Pelham, Office of Attorney General, 500 N. 9
th
 Street, Bismarck, N.D. 58501-4509, for respondent and appellee.

Bienek v. Department of Transportation

No. 20070032

Maring, Justice.

[¶1] Robert Bienek appeals the district court’s judgment affirming the North Dakota Department of Transportation’s decision to suspend Bienek’s commercial driving privileges for life.  Bienek argues he has not been twice convicted of driving under the influence, and therefore, should not have his commercial driving privileges suspended for life.  We affirm.  

   

I

[¶2] On April 26, 1990, Robert Bienek, while driving a noncommercial vehicle, was arrested for driving under the influence (“DUI”).  Bienek did not request an administrative hearing before the North Dakota Department of Transportation.  Instead, he accepted a license suspension prior to the July 6, 1990, dismissal of his DUI charge.  Bienek’s noncommercial driving privileges were suspended on July 15, 1990, and reinstated on June 8, 1992.  In 2001, Bienek obtained a class A commercial driver’s license.  

[¶3] On May 20, 2006, Bienek was driving a noncommercial vehicle when he was arrested for DUI.  Bienek pled guilty to the DUI charge.  Bienek was informed by the Department that his North Dakota commercial driving privileges would be suspended for life, beginning July 10, 2006, because he had two disqualifying convictions.  Bienek requested and was granted an administrative hearing to contest the proposed lifetime suspension of his commercial driving privileges. 

[¶4] Bienek’s administrative hearing before a Department hearing officer occurred on July 21, 2006.  Bienek argued the 1990 suspension of his noncommercial driving privileges was not a conviction, and therefore, he did not have the two disqualifying convictions required by N.D.C.C. § 39-06.2-10(8) to suspend his commercial driving privileges for life.  The hearing officer recommended Bienek’s commercial driving privileges be suspended for one year after concluding that only the resolution of Bienek’s 2006 DUI was a disqualifying conviction.  The Department disagreed with the hearing officer’s recommendation, concluding the 1990 suspension of Bienek’s noncommercial driving privileges was a conviction for the purposes of N.D.C.C. § 39-06.2-10(8).  The Department suspended Bienek’s commercial driving privileges for life, effective August 20, 2006.  The district court affirmed the Department’s decision.  Bienek appeals.  

II

[¶5] Bienek argues the Department erred when it determined the 1990 suspension of his noncommercial driving privileges was a conviction for the purposes of N.D.C.C. § 39-06.2-10(8).  Bienek contends that because the Department erred in concluding the 1990 suspension of his noncommercial driving privileges was a disqualifying conviction, his commercial driving privileges were improperly suspended for life.   

[¶6] “The Administrative Agencies Practice[] Act, N.D.C.C. ch. 28-32, governs the review of administrative license suspensions.”  
Ringsaker v. Director, ND Dept. of Transp.
, 1999 ND 127, ¶ 5, 596 N.W.2d 328.  “On appeal from a district court's review of an administrative agency's decision, we review the agency decision.”   
Elshaug v. Workforce Safety and Insurance
, 2003 ND 177, ¶ 12, 671 N.W.2d 784.  “The district court's analysis is entitled to respect if its reasoning is sound, because the legislatively-mandated district court review cannot be ineffectual.”  
Id.
  Section 28-32-46, N.D.C.C., provides that this Court must affirm an administrative agency’s order unless: 

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge. 

[¶7] When this Court reviews an agency’s factual findings, “we do not make independent findings of fact or substitute our judgment for that agency, but determine only whether a reasoning mind reasonably could have determined the factual conclusions were proven by the weight of the evidence from the entire record.”  
Ringsaker
, at ¶ 5.  However, on legal questions, “such as an interpretation of a statute, an agency’s decision is fully reviewable on appeal.  Our primary objective in the interpretation of a statute is to ascertain the intent of the legislature, which must be sought initially from the language of the statute.”  
Lentz v. Spryncznatyk
, 2006 ND 27, ¶ 4, 708 N.W.2d 859 (citation omitted).  “In construing a statute, words are to be understood in their ordinary sense.”  
Id.
; N.D.C.C. § 1-02-02.      

A

[¶8] Under N.D.C.C. § 39-06.2-10(8), a person holding a commercial driver’s license is disqualified for life from operating a commercial vehicle after a second DUI conviction while operating a noncommercial vehicle.  “Conviction” is defined under N.D.C.C. § 39-06.2-02(8) as “an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal . . . .”  However, under N.D.C.C. § 39-06-30, “conviction” is defined as “a final order or judgment of conviction by the North Dakota supreme court, any lower court having jurisdiction, a tribal court, or a court in another state . . . .”  

[¶9] When a general statutory provision is in conflict with a special provision in the same or in another statute, “the two must be construed, if possible, so that effect may be given to both provisions . . . .”  N.D.C.C. § 1-02-07.  If the conflict between the provisions is irreconcilable, the special provision prevails and is construed as an exception to the general provision, “unless the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail.”  
Id.
  The definition of “conviction” in N.D.C.C. § 39-06.2-02(8) is a special provision applicable to commercial driver’s licenses that conflicts with the definition of “conviction” in N.D.C.C. § 39-06-30, a general provision applicable to motor vehicle operator’s licenses.  Under statutory construction principles, the definition of “conviction” found in N.D.C.C. § 39-06.2-02(8) prevails over the definition of “conviction” found in N.D.C.C. § 39-06-30.  Therefore, the definition of “conviction” found in N.D.C.C. § 39-06.2-02(8) must be used when interpreting N.D.C.C. § 39-

06.2-10(8). 

B

[¶10] Accordingly, for the purposes of N.D.C.C. § 39-06.2-10(8), a conviction is “an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal . . . .”  N.D.C.C. § 39-06.2-02(8).  “Determination” is defined as “[a] final decision by a court or administrative agency.”  
Black’s Law Dictionary
 480 (8th ed. 2004).  Bienek argues that because he accepted an administrative suspension following his 1990 DUI arrest, there was no determination by a court of original jurisdiction or an authorized administrative tribunal that he violated or failed to comply with the law, and therefore, no conviction.  Although Bienek does argue “authorized administrative tribunal” is not defined under chapter 39-06.2, N.D.C.C.,  he does not contend the Department was not an authorized administrative tribunal in 1990.  

[¶11] In 1990, following Bienek’s DUI arrest, the Department suspended Bienek’s noncommercial driving privileges.  The Department is, and was in 1990, authorized by statute to suspend an individual’s driver’s license.  
See
 N.D.C.C. § 39-20-04.1.  We conclude, under N.D.C.C. § 39-06.2-10(8), the Department is an authorized administrative tribunal.  The Department made a final decision after Bienek’s 1990 DUI arrest that his noncommercial driving privileges should be suspended.  Using “determination” in its ordinary sense, the Department’s final decision to suspend Bienek’s noncommercial driving privileges was a determination made by an authorized administrative tribunal.  The 1990 suspension of Bienek’s noncommercial driving privileges was a conviction for the purposes of N.D.C.C. § 39-06.2-10(8).  Because Bienek had two DUI convictions while operating noncommercial vehicles, his commercial driving privileges were properly suspended for life under N.D.C.C. § 39-06.2-10(8).  

III

[¶12] Bienek argues that even if the 1990 suspension of his noncommercial driving privileges was a conviction, it should not be used to satisfy N.D.C.C. § 39-06.2-10(8) because the 1990 suspension occurred before the Federal Motor Carrier Safety Improvement Act was enacted.  Bienek contends that the Department relied on the Act to determine the meaning of “conviction.”  Therefore, because the Department relied on the Act, the Department should not consider, when determining convictions, any offense that occurred before the enactment of the Act.  Bienek argues our decision in 
Lentz
 should be limited to convictions occurring after the effective date of the Act.  We decline this invitation.   

[¶13] In 
Lentz
, 2006 ND 27, ¶ 1, 708 N.W.2d 859, Lentz argued N.D.C.C. § 39-

06.2-10(8) should not be applied retroactively to a DUI conviction that occurred before the statute was enacted.  Lentz’s second DUI conviction occurred after N.D.C.C. § 39-06.2-10(8) was enacted.  
Id.
 at ¶ 8.  This Court concluded Lentz’s second DUI conviction triggered the suspension of his driver’s license, even though his first DUI occurred before the statute’s effective date.  
Id.
 at ¶ 13.   

[¶14] Bienek’s first DUI conviction occurred before the enactment of the Act.  However, analogous to 
Lentz
, Bienek’s second DUI conviction occurred after the enactment of the Act.  
See
 
Lentz
, at ¶ 8.  As in 
Lentz
, Bienek’s second DUI conviction triggered the suspension of his commercial driving privileges.  
See
 
id.
 at ¶ 13.  Further, as in 
Lentz
, Bienek’s first DUI conviction occurred before the enactment of N.D.C.C. § 39-06.2-10(8), and his second conviction occurred after its enactment.  
See
 
Lentz
, at ¶ 13.  Because Bienek’s second DUI conviction occurred after the enactment of N.D.C.C. § 39-06.2-10(8), the lifetime suspension of Bienek’s commercial driving privileges was triggered.  

IV

[¶15] Bienek argues the Department’s interpretation of “conviction” renders N.D.C.C. § 39-06.2-02(8) void for vagueness.  “A party who appeals from an administrative hearing officer’s decision must comply with N.D.C.C. § 28-32-42(4).”  
Dettler v. Sprynczynatyk
, 2004 ND 54, ¶ 13, 676 N.W.2d 799.  “The Administrative Agencies Practice Act requires that alleged errors from the administrative level be specifically enumerated for the district court.”  
Bjerklie v. Workforce Safety and Ins.
, 2005 ND 178, ¶ 7, 704 N.W.2d 818; 
see
 N.D.C.C. § 28-32-42(4).  When an individual seeks a reversal of a license suspension, N.D.C.C. § 39-20-06 provides: 

Any person whose operator’s license or privilege has been suspended, revoked, or denied by the decision of the hearing officer under section 39-20-05 may appeal within seven days after the date of the hearing under section 39-20-05 as shown by the date of the hearing officer’s decision, section 28-32-42 notwithstanding, by serving on the director and filing a notice of appeal and specifications of error in the district court in the county where the events occurred for which the demand for a test was made, or in the county in which the administrative hearing was held. 

Specifications of error are required by both statutes.  To satisfy N.D.C.C. § 28-32-

42(4), the specifications of error must identify the matters that are truly at issue, “with sufficient specificity to fairly apprise the agency, other parties, and the court of the particular errors claimed.”  
Dettler
, 2004 ND 54, ¶ 15, 676 N.W.2d 799.  

[¶16] Bienek makes a void for vagueness argument for the first time on appeal.  This Court does not address issues raised for the first time on appeal.  
Heng v. Rotech Medical Corp.
, 2006 ND 176, ¶ 9, 720 N.W.2d 54.  Bienek failed to identify void for vagueness as a matter at issue in his specifications of error and failed to properly preserve his void for vagueness claim for appeal.  Therefore, we will not review the merits of Bienek’s void for vagueness argument on appeal.  
See
 
Dettler
, at ¶ 21.

        

V

[¶17] The district court’s judgment affirming the Department’s decision to suspend Bienek’s commercial driving privileges for life is affirmed.    

[¶18] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.