2013 ND 51

**HIT, INC., Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellee.**

**No. 20120299.**

Supreme Court of North Dakota.

April 4, 2013.

Michael J. Geiermann, Bismarck, ND, for appellant.

Jeanne M. Steiner, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] HIT, Inc. appealed a district court judgment affirming the administrative order requiring HIT to pay back excess reimbursements in the amount of $90,699.80. We affirm.

I.

[¶ 2] HIT, Inc. provides individualized supported living arrangements for indi-

viduals with developmental disabilities. As a provider, HIT receives reimbursements from the Department of Human Services for HIT's direct service costs to conduct its programs. The reimbursement is provided before the services are rendered based on projections made by the provider. The goal of the projection is to be as accurate as possible so the reimbursements at the beginning of the fiscal year match the provider's actual costs as closely as possible. The provider is audited at the end of the fiscal year to ensure all reimbursements were spent on actual costs. The regulations require that "[w]hen direct service reimbursements from the department exceed direct service costs attributable to the department by the margin established by department policy, payback to the department is required. In these situations, the entire overpayment must be refunded." N.D. Admin. Code § 75–04–05–24(3)(c).

[¶ 3] According to the Department's provider handbook for individualized supported living arrangements, overpayments must be refunded when reimbursements exceed costs by 5% or more. The provider handbook uses an example calculation to determine whether reimbursement is required based on a margin of 5% of actual direct service costs. The provider handbook also contains a "Questions and Answers" section which asks "why doesn't the Department ... enable the provider to retain the unearned income up to the 4.99%?" The answer states that "the objective is to be as close to 0% difference as possible" and that if providers were allowed to keep up to 4.99% "each provider could simply make certain that contract costs are overstated by at least that amount."

[¶ 4] For fiscal year 2008, HIT received $1,841,001.80 in reimbursements. HIT's allowable direct service costs were $1,750,302.00. Therefore, HIT's reimbursements were $90,699.80 in excess of their actual costs. The Department determined HIT's reimbursements exceeded its actual costs by more than 5%, and requested HIT refund the overpayment. HIT disputed the determination that it was required to refund the excess reimbursements, arguing the margin should be calculated based on 5% of reimbursements, rather than 5% of actual costs. The matter was submitted to an administrative law judge ("ALJ") who made recommended findings and a recommended order concluding the Department's interpretation of the administrative regulation was correct. In reaching that conclusion, the ALJ determined that the matter was complex and confusing, and therefore the Department's interpretation was entitled to deference. The Department adopted the recommended findings and order. HIT appealed to the district court and the district court affirmed the Department's order.

II.

[¶ 5] This Court reviews administrative decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, and must affirm the order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 6] HIT argues the Department used an incorrect method to calculate the margin to determine whether HIT was required to refund the excess reimbursements. HIT further argues it was reversible error for the ALJ to defer to the agency's interpretation of its own regulations. According to HIT, an ALJ may only defer to the agency's interpretation if the matter is complex and confusing, and no deference may be given if the language is clear.

[¶ 7] " 'Questions of law, including the interpretation of a statute, are fully reviewable on appeal from an administrative decision.' " *Industrial Contractors, Inc. v. Workforce Safety & Ins.*, 2009 ND 157, ¶ 6, 772 N.W.2d 582 (quoting *Stein v. Workforce Safety & Ins.*, 2006 ND 34, ¶ 6, 710 N.W.2d 364). When interpreting the meaning of an administrative regulation, a court construes the regulation under well-established principles for statutory construction. *Martin v. Stutsman Co. Social Services*, 2005 ND 117, ¶ 13, 698 N.W.2d 278. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. Similarly, "[n]o deference is called for when the regulating language is clear." *Martin*, at ¶ 13. However, "[w]e will give deference to an administrative agency's construction of a statute in ad-

ministering the law when that interpretation does not contradict clear and unambiguous statutory language." *Industrial Contractors*, at ¶ 6. "In technical matters involving agency expertise, an agency decision is entitled to appreciable deference." *North Dakota State Bd. of Medical Examiners–Investigative Panel B v. Hsu*, 2007 ND 9, ¶ 42, 726 N.W.2d 216. "A statute is ambiguous when it is subject to different, but rational meanings." *Northern Excavating Co., Inc. v. Sisters of Mary of Presentation Long Term Care*, 2012 ND 78, ¶ 4, 815 N.W.2d 280.

[¶ 8] The regulation is clear and unambiguous: the Department establishes the margin. The regulation does not limit the Department's authority to determine the margin. The regulation does not require the margin be based on either the costs or the reimbursements. It simply states "by the margin established by department policy." Department policy, as clearly shown in the provider handbook, sets the margin at 5% of actual costs. The ALJ's holding that the Department correctly interpreted N.D. Admin. Code § 75–04–05–24(3)(c) is in accordance with the law. Therefore, any deference afforded to the Department's interpretation by the ALJ's conclusion that the methods of calculating the refund are complex and technical is harmless error.

### III.

[¶ 9] We affirm the district court's judgment affirming the administrative order requiring HIT to pay back excess reimbursements in the amount of $90,699.80.

[¶ 10] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.